UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT L. DYKES,

    Plaintiff,

v.

UNKNOWN ORSBOURNE, et al.,

    Defendants.
_____/

Case No. 2:21-cv-113

Hon. Hala Y. Jarbou

## ORDER

On November 1, 2022, the magistrate judge issued a Report and Recommendation (R&R) (ECF No. 32), recommending that the Court deny Defendants' motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies. Before the Court is Plaintiff's objection (ECF No. 33) to the R&R.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). After review, the Court overrules Plaintiff's objection and adopts the R&R.

On May 28, 2021, Plaintiff filed a complaint under 42 U.S.C. § 1983. In his complaint, he identifies two Defendants: Corrections Officer Billie Orsborne (spelled Orsbourne by Plaintiff), and Classification Director Doug Besteman. Both Defendants worked at Kinross Correctional Facility (KCF) at the time of the alleged conduct. Plaintiff's complaint indicates that he filed a grievance against Orsborne. Plaintiff alleges that this grievance led to Orsborne retaliating and

discriminating against him. Specifically, he alleges that because of the grievance, Orsborne accused him of having sexual intercourse with his bunkmate and sexually harassed him during a pat-down. Further, he contends that Orsborne prevented him from obtaining various jobs at KCF. He claims that Orsborne is friends with Besteman, the KCF official who is responsible for hiring and firing KCF prisoner-employees. According to Plaintiff, this friendship influenced Besteman's decision not to hire Plaintiff for KCF jobs. Finally, Plaintiff claims that because he was placed on modified access to the grievance process, denied from filing a grievance against Besteman, and deterred from filing one against Orsborne, he instead filed a complaint with the Ombudsman's office and the Internal Affairs Department.

In line with these allegations, Plaintiff brought two claims against Defendants: (1) a First Amendment retaliation claim, and (2) a Fourteenth Amendment equal protection claim. Defendants moved for summary judgment for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (ECF No. 19.) They contend that Plaintiff failed to exhaust his remedies because he did not file a grievance against them and proceed through the Michigan Department of Corrections's three-step grievance process. Defendants proffered evidence that Plaintiff used the grievance process after the alleged retaliation—just not against Defendants.

In the R&R, the magistrate judge recommended that Defendants' motion be denied because there is a genuine dispute about whether the alleged retaliation deterred Plaintiff from filing a grievance against Defendants. The magistrate also noted that, under Sixth Circuit precedent, this dispute could be resolved through a bench trial. Plaintiff objected to the R&R.

First, Plaintiff objects to the R&R's statement that the disputed issue can be resolved through a bench trial. Plaintiff correctly recognizes that summary judgment should not be granted

2

if a defendant fails to show that the plaintiff did not exhaust his or her administrative remedies. *Surles v. Anderson*, 678 F.3d 452, 456 (6th Cir. 2012). But Plaintiff further argues that a bench trial is inappropriate because Defendants failed to meet their burden to show that Plaintiff did not exhaust his administrative remedies. This argument is misguided.

Because an exhaustion inquiry is a threshold question of judicial administration, when a motion for summary judgment for failure to exhaust administrative remedies is denied because there is a genuine dispute of material fact, that dispute can be resolved through a bench trial. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Indeed, resolving the dispute at a bench trial ensures that the "litigation is being conducted in the right forum at the right time" without needlessly engaging additional judicial resources. *Id.* And, when a prisoner argues that retaliation made the administrative grievance process unavailable, bench trials are permitted to resolve disputed exhaustion issues if a defendant requests one. *See, e.g.*, *Sango v. Flruey*, No. 2:20-CV-213, 2021 WL 2383922, at *5 (W.D. Mich. Apr. 30, 2021), R&R adopted, No. 2:20-CV-213, 2021 WL 2102395 (W.D. Mich. May 25, 2021); *Lee v. Freeman*, No. 16-14162, 2019 WL 5849119 (E.D. Mich. July 31, 2019), R&R adopted, No. 16-14162, 2019 WL 4071920 (E.D. Mich. Aug. 29, 2019).

Second, Plaintiff seeks to make clear that he never stated that he did not file *any* grievances after Defendants' alleged retaliation. Rather, he did not file a grievance against Orsborne because of the alleged retaliation. The Court acknowledges that Plaintiff only stated that he did not file a grievance against Orsborne after the alleged retaliation.

Third, Plaintiff contends that the R&R did not address whether he failed to exhaust his retaliation claim against Orsborne. Plaintiff argues that because he filed a complaint with Internal Affairs alleging that Orsborne sexually harassed him, he exhausted his administrative remedies on

3

his retaliation claim against Orsborne.  But the R&R acknowledged that Plaintiff filed these complaints.  The R&R concluded, after a lengthy analysis, that those filings created a dispute over whether Defendants' alleged retaliation deterred Plaintiff from filing a grievance.  In any event, Plaintiff did not argue that the Internal Affairs complaint was sufficient to exhaust the available administrative remedies in his motion in opposition to summary judgment.  Instead, he only noted that he filed those complaints, and that he was too afraid to file ordinary grievances.  Because Plaintiff may not, in an objection to an R&R, raise "new arguments or issues that were not presented to the magistrate," Plaintiff waived this argument.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Finally, in his fourth objection to the R&R, Plaintiff "respectfully objects to the [R&R's] alleging that the Defendants created a material dispute . . . ."  Relying on the waived argument from his third objection, Plaintiff argues that the R&R should have recommended that the Court rule, as a matter of law, that he did exhaust the available administrative remedies.  But the R&R does not indicate that Defendants created a genuine dispute of material fact.  Rather, it indicates that *Plaintiff* created a genuine dispute of material fact such that summary judgment for failure to exhaust administrative remedies is not proper.  After all, Plaintiff is the non-moving party to this summary judgment motion, so the R&R recommended that summary judgment be denied because Plaintiff created a genuine dispute of material fact.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 32) is **APPROVED** and **ADOPTED** as the decision of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 33) to the disposition in the R&R is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 19) is **DENIED**.

Date:   December 9, 2022                     /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE